Upon oyer the condition of the bond declared on was as follows:
"The condition of the above obligation is such that whereas the above bounden B. F. hath been constituted and appointed sheriff, etc. Now, in case the said B. F. shall well and truly execute and due return make of all process and precepts to him directed, and pay, satisfy all fees and sums of money by him received or levied by virtue of any process, into the proper office to which the same by the tenor thereof ought to be paid, or to the persons to whom the same shall be due, his heirs, etc., and in all other things well, truly and faithfully execute the said office of sheriff, during his continuance therein, then, etc." Pleas: Performance and noninfregerunt conventionem.
On the trial before Nash, J., on the Spring Circuit, 1837, his Honor ruled the default assigned as a breach, was not within the condition, and thereupon the plaintiff offered to prove by parol that the parish taxes were intended to be secured by the bond declared on. His Honor rejected this testimony and the plaintiff submitted to a nonsuit and appealed.
The condition of the bond declared on in this case corresponds (70)precisely with that which was under the consideration of the court in the case of The Governor v. Matlock (1 Dev., 213). It there received a judicial construction by which it was held not to extend to the fiscal duties of the office. The decision then made was in conformity to the principle before established in the cases of Crumpler v.The Governor, 1 Dev., 52, and The Governor v. Barr, 1 Dev., 65, that the general words in the conclusion of the condition shall be restricted by the preceding particular words, to duties of a like kind with those specified. To hold any other doctrine now, and to put a different construction on the words in the condition of this bond from that so *Page 56 
authoritatively assigned to the same words heretofore, would be to fly in the face of former adjudications, and to introduce the most perplexing confusion.
The instruction of the judge to the jury was in conformity to the settled law of the country, and the rejection of the offered evidence to explain the bonds was unquestionably correct.
The judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Deaton v. Kelly, 72 N.C. 113.